IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 7, 2019

## ISAAC SCOTT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. 03-04821      Lee V. Coffee, Judge**

_____

### No. W2019-00327-CCA-R3-CD

_____

A Shelby County jury convicted the Petitioner, Isaac Scott, of first degree premeditated murder, for which the Petitioner received an automatic life sentence. The Petitioner appealed, and this court affirmed the conviction and sentence. *See State v Isaac Scott*, No. W2005-02902-CCA-R3-CD, 2006 WL 3837243 (Tenn. Crim. App., at Jackson, Dec. 28, 2006), *perm. app. denied* (Tenn. April 30, 2007). The Petitioner then filed a post-conviction petition, claiming he received the ineffective assistance of counsel and, following a hearing, the post-conviction court denied relief. This court affirmed the post-conviction court's denial. *Isaac Scott v. State*, No. W2009-01256-CCA-R3-PC, 2011 WL 744764 (Tenn. Crim. App., at Jackson, Mar. 2, 2011), *perm. app. denied* (Tenn. May 26, 2011). In May 2018, the Petitioner filed a "Motion for Plain and Harmless Error Review." The trial court, treating the motion as a post-conviction petition, summarily dismissed the motion because the issues had been previously determined and the petition was a second petition. The Petitioner appeals the denial, maintaining that he is entitled to plain error relief due to the jury instructions, the sentencing hearing, and the jury composition. After review, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Isaac Scott, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

A Shelby County jury convicted the Petitioner of the first degree premeditated murder of the victim in this case. At trial, the Petitioner's confession to choking the victim and pushing her out of the car was introduced. Following conviction, he received an automatic life sentence. This court affirmed the Petitioner's conviction and sentence on appeal. *Scott*, 2006 WL 3837243 at *1. The Petitioner then filed a petition for post-conviction relief, alleging ineffective assistance of counsel. After a hearing, the post-conviction court denied relief and this Court affirmed the denial on appeal. *Scott v. State*, 2011 WL 744764 at *1.

On May 23, 2018, the Petitioner, pro se, filed a document captioned "Motion for Plain and Harmless Error Review." The motion alleged that the Petitioner was entitled to plain error relief due to the jury instructions, the sentencing hearing, and the composition of the jury. The Petitioner requested a new trial based upon these errors. The post-conviction court summarily entered an order dismissing the Petitioner's motion, which it characterized as a "Motion for Plain and Harmless Error Review/Petition for Post-Conviction Relief." Noting the Petitioner's 2009 post-conviction petition and this court's affirmation of the post-conviction court's denial, the trial court denied the motion/petition as follows:

> The [P]etitioner continues to attack the finality of his conviction and sentence. The [P]etitioner is essentially complaining that the sentence is illegal, that the trial court improperly charged and impaneled the trial jury, that the trial court failed to properly conduct a sentencing hearing, inter alia.
>
> These issues have been previously and conclusively determined against this defendant. The [P]etitioner has filed a previous post-conviction petition and other post-sentencing petitions on this conviction and sentence. "The post-conviction statute contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c).

It is from this judgment that the Petitioner appeals.

## II. Analysis

On appeal, the Petitioner maintains that the trial court improperly instructed the jury at trial, improperly conducted the sentencing hearing, and erred in impaneling the jury. The State responds that the trial court properly dismissed the petition because the Petitioner's claims had either been previously raised or were waived. The Petitioner titles his petition, "Motion for Plain and Harmless Error Review," and the trial court treated it as a post-conviction petition.

The Post-Conviction Procedure Act provides, "If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). We agree with the State that the Petitioner's first post-conviction petition was resolved on its merits and that the lower court acted properly in summarily dismissing his second post-conviction petition on that basis. We also agree that the issues the Petitioner seeks to raise in his second petition are either waived or previously determined. *See* T.C.A. § 40-30-106(g)-(h).

Additionally, the Petitioner's allegations do not fall within the limited exceptions for reopening a first post-conviction petition. Tennessee Code Annotated section 40-30-117(a) provides:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

We conclude that the post-conviction court acted properly in summarily dismissing the second post-conviction petition. Accordingly, the Petitioner is not entitled to post-conviction relief.

### III. Conclusion

Based upon the aforementioned reasoning and authorities, we affirm the post-conviction court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE